**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN OVERSIGHT, <br> 1030 15th Street NW, B255 <br> Washington, DC 20005 <br><br> *Plaintiff,* <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND <br> SECURITY, <br> 245 Murray Lane SW <br> Washington, DC 202528 <br><br> *and* <br><br> U.S. CUSTOMS AND BORDER <br> PROTECTION, <br> 1300 Pennsylvania Avenue NW <br> Washington, DC 20229 <br><br> *Defendants.* | Case No. 26-cv-1968 |

**<u>COMPLAINT</u>**

1.      American Oversight brings this case to probe the internal oversight capabilities and activities of the Department of Homeland Security ("DHS") in light of the record rate of reported deaths in immigration custody in 2025 and 2026.[1]

2.      In March 2025, DHS announced its intention to close its office of Civil Rights and Civil Liberties ("CRCL") and the Office of Immigration Detention Ombudsman ("OIDO") despite the offices having statutory responsibilities to investigate and conduct oversight regarding

---

[1] Akash Pillai *et al.*, *Deaths & Health Care Issues in ICE Detention Centers Under the Second Trump Administration*, KFF (Mar. 25, 2026), https://www.kff.org/racial-equity-and-health-policy/deaths-and-health-care-issues-in-ice-detention-centers-under-the-second-trump-administration/.

treatment of detainees.[2] While DHS eventually allocated a small number of staffers to CRCL and OIDO, records in litigation have shown that the offices have failed to respond to civil rights complaints or have any mitigating effect on the conditions of detention or deaths of individuals in DHS custody.[3]

3.    In furtherance of its mission to promote government transparency and accountability, American Oversight filed Freedom of Information Act ("FOIA") requests with DHS and U.S. Customs and Border Protection ("CBP"), seeking records regarding the policies, procedures, and protocols regarding deaths of individuals in U.S. immigration custody.

4.    Having received no determination in response to its FOIA requests, American Oversight now brings this action against DHS and CBP under FOIA, 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

6.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

7.    Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from

---

[2] *See* José Olivares, *Court Records Reveal Gutting of DHS Oversight: 'Incredibly Dangerous'*, Guardian (Mar. 8, 2026, 7:00 AM), https://www.theguardian.com/us-news/2026/mar/08/dhs-oversight-court-record-review.
[3] *See id.*; *see also Kennedy Human Rights Ctr. v. U.S. Dep't of Homeland Sec.*, No. 25-cv-1270 (D.D.C. filed Apr. 24, 2025).

2

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

8.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

9.      Defendant DHS is a department of the executive branch of the U.S. government headquartered in Washington, D.C., an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), which includes the Office of Inspector General ("OIG"), OIDO, and CRCL. DHS has possession, custody, and control of records that American Oversight seeks.

10.     Defendant CBP is a component of DHS, which is a department of the executive branch of the U.S. government, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). CBP is headquartered in Washington, D.C. CBP has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

11.     In April 2026, American Oversight submitted requests to DHS and CBP seeking various categories of records with the potential to shed light on detainee deaths in custody.

3

*OIDO/CRCL Investigations Request*

12.    On April 2, 2026, American Oversight submitted a FOIA request to DHS (bearing internal tracking number DHS-26-0884) seeking the following records:

1.  All records reflecting the status of all Office of Immigration Detention Ombudsman (OIDO) investigations or cases opened since March 21, 2025.

2.  All records reflecting the status of all Office for Civil Rights and Civil Liberties (CRCL) investigations or cases opened since March 21, 2025.

**For both parts of this request, please provide all responsive records from March 21, 2025, through the date the search is conducted.**

Ex. A at 2.

13.    On May 1, 2026, DHS acknowledged receipt of the request, assigned the request tracking number 2026-HQFO-02249, and stated that DHS would invoke a 10-day extension for its response to the request.

14.    As of the date of this filing, American Oversight has received no further communication from DHS regarding this FOIA request.

*OIDO/CRCL Policies Request*

15.    On April 2, 2026, American Oversight submitted a FOIA request to DHS (bearing internal tracking number DHS-26-0881) seeking the following records:

All records reflecting policies, procedures, and protocol—both formal and informal—prepared by, received by, or otherwise in the possession of the Office for Civil Rights and Civil Liberties (CRCL) and/or Office of Immigration Detention Ombudsman (OIDO) regarding deaths in immigration custody, including, but not limited to, reviewing reports provided by ICE and/or CBP.

**Please provide all responsive records created, issued, or in effect from January 20, 2025, through the date the search is conducted.**

Ex. B at 2.

16.    On May 1, 2026, DHS acknowledged receipt of the request, assigned the request tracking number 2026-HQFO-02247, and stated that DHS would invoke a 10-day extension for its

4

response to the request.

17.    As of the date of this filing, American Oversight has received no further communication from DHS regarding this FOIA request.

*CBP Policies Request*

18.    On April 2, 2026, American Oversight submitted a FOIA request to CBP (bearing internal tracking number DHS-CBP-26-0879) seeking the following records:

> All records reflecting formal policies, procedures, and protocol—including but not limited to policy statements, memoranda, and instructions—prepared by, received by, or otherwise in the possession of CBP regarding deaths of people who were in CBP custody but are *not* in CBP custody at the time of death.
>
> **Please provide all responsive records created, issued, or in effect from January 20, 2025, through the date the search is conducted.**

Ex. C at 2.

19.    On April 22, 2026, CBP acknowledged receipt of the request, assigned the request tracking number CBP-FO-2026-083235, and stated that CBP would invoke a 10-day extension for its response to the request.

20.    As of the date of this filing, American Oversight has received no further communication from CBP regarding this FOIA request.

*OIG Policies Request*

21.    On April 2, 2026, American Oversight submitted a FOIA request to DHS OIG (bearing internal tracking number DHS-OIG-26-0880) seeking the following records:

> All records reflecting policies, procedures, and protocol—both formal and informal—prepared by, received by, or otherwise in the possession of the Office of Inspector General regarding deaths in immigration custody, including, but not limited to, reviewing reports provided by ICE and/or CBP.
>
> **Please provide all responsive records created, issued, or in effect from January 20, 2025, through the date the search is conducted.**

Ex. D at 2.

22. As of the date of this filing, American Oversight has received no communication from DHS regarding this FOIA request.

*Exhaustion of Administrative Remedies*

23. As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of final determinations regarding American Oversight's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; and (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

24. Through Defendants' failures to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**<u>COUNT I</u>**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

25. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

26. American Oversight properly requested records within the possession, custody, and control of Defendants.

27. Defendants are agencies subject to FOIA, and they must therefore make reasonable efforts to search for requested records.

28. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to the American Oversight's FOIA requests.

29. Defendants' failures to conduct adequate searches for responsive records violate FOIA and applicable regulations.

30. Plaintiff American Oversight is therefore entitled to injunctive and declaratory

relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

31.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

32.     American Oversight properly requested records within the possession, custody, and control of Defendants.

33.     Defendants are agencies subject to FOIA and must therefore release in response to American Oversight's four FOIA requests any non-exempt records and provide lawful reasons for withholding any materials.

34.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to American Oversight's FOIA requests.

35.     Defendants' failures to provide all non-exempt responsive records violate FOIA and applicable regulations.

36.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to American Oversight's FOIA requests and provide indexes justifying withholdings of any responsive records withheld under claims of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

a) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

7

b)  Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

c)  Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

d)  Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

e)  Grant American Oversight such other relief as the Court deems just and proper.


Dated: June 3, 2026                                 Respectfully submitted,

                                                    */s/ Benjamin A. Sparks*
                                                    Benjamin A. Sparks
                                                    D.C. Bar No. 90020649
                                                    Daniel Martinez
                                                    D.C. Bar No. 90025922
                                                    AMERICAN OVERSIGHT
                                                    1030 15th Street NW, B255
                                                    Washington, DC 20005
                                                    (202) 873-1741
                                                    ben.sparks@americanoversight.org

                                                    *Counsel for Plaintiff*